IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DARRYL GATLIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITIMORTGAGE, INC., CITIBANK, N.A., and WILMINGTON TRUST COMPANY, both acting as trustees for MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-36XS TRUST, | : : : : : : : | CIVIL ACTION NO. 1:12-CV-0953-AT |
| | : | |
| Defendants. | : | |

## **ORDER**

This matter is before the Court on Plaintiff's Motion to Reopen Case [Doc. 15] and Motions for Reconsideration and to Amend the Complaint [Doc. 16].

On March 21, 2012, Plaintiff, appearing *pro se*, filed his initial Complaint. (Doc. 1.) Therein, Plaintiff alleged claims of fraud, theft by deception and wrongful foreclosure. Plaintiff also suggested in passing that Defendants violated the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), and the Georgia Fair Lending Act, O.C.G.A. §§ 7-6A-1, *et seq.* As best the Court could discern, Plaintiff's claims rested on Defendants' alleged failure to disclose plans to securitize his loan. This fact alone is insufficient to support any

of Plaintiff's claims.[1]  The Court, therefore, granted Defendants' motion to dismiss.  As there appeared to be no valid basis for recovery under any legal theory, the Court did not *sua sponte* grant Plaintiff leave to amend his Complaint.

On October 23, 2012, Plaintiff's counsel made his first appearance.  (Doc. 14.)  Plaintiff now moves the Court to reopen the case, reconsider its decision dismissing the case,[2] and grant Plaintiff leave to amend.

Courts generally allow *pro se* Plaintiffs an opportunity to amend when an amendment does not appear to be futile.  *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002); *Speer v. Nix*, 215 F. App'x 896, 902 (11th Cir. 2007) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).  Conversely, the Court has discretion to dismiss a *pro se* plaintiff's complaint with prejudice without *sua sponte* granting leave to amend where it appears that amending the complaint would be futile.  *Rance v. Winn*, 287 F. App'x 840, 842 (11th Cir. 2008).  Plaintiff's initial Complaint gave the Court no basis upon which to presume he could bring a viable claim against Defendants.  Plaintiff now contends that, with the assistance of counsel, he can allege additional facts to support a valid claim.  For example, Plaintiff states that his Amended Complaint

---

[1] Moreover, Plaintiff alleged no facts to support his RESPA, TILA or Georgia Fair Lending Act claims, which all appeared to be time-barred.

[2] Plaintiff's Motion for Reconsideration was timely.  The Clerk entered final judgment on September 25, 2012.  (Doc. 13.)  Plaintiff filed his Motion for Reconsideration on October 23, 2012, within the applicable time-period.  *See* Fed. R. Civ. P. 59(b) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

will allege that the foreclosing entity was not the secured creditor, giving rise to a wrongful foreclosure claim. (Doc. 16-1 at 17.) [3]

For the foregoing reasons, the Court **GRANTS** Plaintiff's motions [Docs. 15 and 16].[4] Judgment is hereby **VACATED**. The Clerk is **DIRECTED** to reopen the case. Plaintiff shall have until January 3, 2013 to file his Amended Complaint.

**IT IS SO ORDERED** this 13th day of December, 2012.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court cannot assess the merits of Plaintiff's new claims as Plaintiff has not filed its proposed Amended Complaint with the Court.

[4] The Court notes however that many of Plaintiff's arguments in his motion for reconsideration are without merit. For example, the Georgia Court of Appeals decision in *Reese v. Provident Funding, LLP* does not constitute an intervening change in the law. 730 S.E.2d 551. The *Reese* decision heavily relied on this Court's decision in *Stubbs v. Bank of America, N.A.*, 844 F. Supp. 2d 1267 (N.D. Ga. 2012) (Totenberg, J.), a decision this Court was obviously well aware of.